LAND, J.
This is a sequel to a compromise of another suit instituted by the de *801 fendants against the plaintiff in the same court, wherein they sought'by judicial proceedings to compel Joseph Goldberg to remove a dam which he had placed across the mouth of the Walker Canal, and to have their right of drain through his marsh lands recognized. The compromise was evidenced by a judgment with a map attached. By the terms of the judgment, the plaintiffs agreed to cut a canal, at their own expense, 16 feet wide and 4 feet deep, from the mouth of the 'Walker Canal, at a point marked X on the map, to the Iberia & St. Mary Drainage Canal at a point marked Xi and to throw one-half of the dirt from the excavation on each side of the canal. On the face of the map was drawn a straight line between said points, following the direction of the Walker Canal.
When the defendants commenced work on the extension, Goldberg objected to the location of the line, and insisted that it should be changed, so as to follow a large ditch, called the “Goldberg Canal,” which connected with the Walker Canal near its mouth. The defendants refused to accede to Goldberg’s construction of the judgment and map, and proceeded to construct the extension in the prolongation of the line of the Walker Canal as staked out by a surveyor.
The plaintiff. instituted the present suit to enjoin the further prosecution of the work, to undo what had been done in the way of construction, and to recover damages.
The defendants pleaded the general issue, the case was tried, and judgment was rendered in favor of the defendants.
The issue is thus stated in plaintiff’s brief:
“The plaintiff contends that the agreement was to the effect that the defendants were to widen and deepen his, the ‘Goldberg Canal,’ and to extend it to the Jeanerette Branch of the Iberia & St. Mary Drainage District Canal. The defendants claim that the agreement was that they were to continue the Walker Canal in a straight line from the point ‘B’ to the Iberia & St. Mary Drainage Canal.”
Plaintiff relies on an alleged parol agreement as to the location of the extension of the Walker Canal made prior to .the rendition of the judgment of compromise. The evidence as to the existence of any such agreement is very conflicting, and we think that the balance is inclined in favor of the theory of the defendants by the judgment and map and a survey made under order of the court.
The map belonged to the plaintiff, and the line thereon representing the extension of the Walker Canal was drawn in plaintiff’s presence and at his direction, by his own attorney. The line so drawn runs south, while the line of the Goldberg Canal runs southwest. The surveyors found no difficulty in locating the line from the map and judgment. The line of Walker’s Canal gave the bearings of the line to be run. The expert surveyor appointed by the court found the newly constructed canal at its termination 16 feet out of a straight line between the points X and Xi. This slight divergence made no practical difference. The Goldberg Canal is not mentioned in the judgment, nor does it appear on the map attached thereto; and its prolongation would have been out of the line of the Walker Canal by several hundred feet. The defendants were to construct a new canal 16 feet wide and 8 feet deep and maintain it at their own expense. Defendants had no right under the judgment to use the Goldberg Canal as a part of the new work. If such use had been contemplated, it is reasonable to suppose that the Goldberg Canal would have been mentioned in the judgment, or would have appeared on the map as a link in the proposed extension from the mouth of the Walker Canal. We conclude by saying that in cases of this kind great weight is properly attached to the findings of the trial judge.
Judgment affirmed.